UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                           File No. 1:04-CR-171

v.

                           HON. ROBERT HOLMES BELL

WILLIAM EARNEST SLEDGE, JR.,

      Defendant.

_____/

**O P I N I O N**

This matter comes before the Court on Defendant William Sledge's motion, purportedly filed pursuant to FED. R. CRIM. P. 35, to correct the sentence imposed upon him by this Court on December 14, 2004.[1]

**I.**

On September 14, 2004, Defendant entered a plea of guilty in this Court to one count of possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). On December 14, 2004,

---

[1]The motion originally and mistakenly was docketed as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. While a motion pursuant to § 2255 would have been a proper vehicle for the relief sought by Defendant, this Court may not recharacterize any motion as one filed pursuant to § 2255 without Defendant's consent unless it provides notice of its intent to do so and provides Defendant the opportunity to withdraw his motion. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). The Court therefore closed the § 2255 action and filed the instant motion in the criminal case. The Court finds that the motion is not timely filed under Rule 35. However, as the government notes, the Court has the authority under FED. R. CRIM. P. 36 to resolve the matter.

he was sentenced to 96 months imprisonment, three years of supervised release, and a $100.00 special assessment. In anticipation of the then-pending decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the judgment set forth an alternate 60-month sentence to be imposed "should the guidelines be proven to be unconstitutional." (J. at 2.) Defendant did not appeal his sentence.

Defendant filed the instant motion to correct sentence on April 28, 2005, requesting amendment or correction to his judgment of sentence to substitute the alternative sentence of 60 months for the original 96-month term, as contemplated by both the Court and the parties after the Supreme Court issued its decision in *Booker*.

## II.

Assuming the Court determines that its original alternative sentence was imposed consistent with the provisions of 18 U.S.C. § 3553, the government does not oppose the relief sought by Defendant. It correctly asserts, however, that FED. R. CRIM. P. 35 does not provide the necessary authority for the Court to correct a sentence beyond seven days after sentencing. Instead, the government contends, the Court has the authority under FED. R. CRIM. P. 36 to correct a judgment that does not accurately reflect what the Court determined at sentencing.

Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Courts generally have concluded

2

that Rule 36 "'authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing.'" *United States v. Carr*, 421 F.3d 425, 432-33 (6th Cir. 2005) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)).

### III.

The Court's records reflect that Defendant's sentence is properly corrected under Rule 36. At the time Defendant was sentenced, the Sixth Circuit had held that judicial factfinding under the federal sentencing guidelines did not violate the Sixth Amendment under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). *See United States v. Koch*, 383 F.3d 436, 442 (6th Cir. 2004). However, aware that the Supreme Court had scheduled arguments in *United States v. Booker*, 125 S. Ct. 11 (2004), the Sixth Circuit expressly directed district courts to continue sentencing defendants under the mandatory guidelines, but also encouraged courts to issue alternative sentences under 18 U.S.C. § 3553(a), considering the guidelines as advisory only. *See United States v. Koch*, No. 02-6278, 2004 WL 1870438, at *1 (6th Cir. August 13, 2004). In the instant case, the Court followed the recommendation in *Koch*, imposing alternative sentences, one of which the Court believed would be constitutional and self-enforcing.

At the time Defendant was sentenced, this Court unquestionably understood the issue pending in the Supreme Court's review in *Booker*. In imposing both a sentence under the

mandatory sentencing guidelines and an alternative sentence, the Court was adhering to the

direction of the Sixth Circuit's August 13, 2004 order in *Koch*, 2004 WL 1870438, at *1:

> In the interest of judicial economy, and pending a definitive ruling by the
> Supreme Court, we recommend that the district courts within this circuit also
> announce at the time of sentencing a sentence pursuant to 18 U.S.C.A.
> § 3553(a) (West 2000 & Supp. 2004), treating the Guidelines as advisory only.

*Id.* The Sixth Circuit's direction in *Koch* parallels precisely the determination required of the

Court following *Booker*:

> The district courts, while not bound to apply the Guidelines, must consult those
> Guidelines and take them into account when sentencing.

*Booker*, 125 S. Ct. at 767 (citing 18 U.S.C. § 3553(a)(4), (5)).

After the issuance of the *Booker* decision, *see United States v. Booker*, 125 S. Ct. 738

(2005), the Sixth Circuit concluded that some alternative sentences, depending on their

rationale, would not be self-executing and could themselves be found unconstitutional under

*Booker*. *See United States v. Christopher*, 415 F.3d 590, 593 (6th Cir. 2005) (finding both

guideline sentence and alternative sentence to be unconstitutional, but finding no prejudice

to defendant). However, while some alternative sentences entered in contemplation of the

*Booker* decision may not be self-executing, the instant sentence must be considered self-

executing, despite the fact that the original judgment in this case, like that of *Christopher*,

stated that the alternative sentence would apply "should the sentence guidelines be deemed

unconstitutional." Contrary to the language of the judgment, the Court's own records reflect

that, at the sentencing hearing, the Court held more precisely that, if the sentencing

guidelines were found to be advisory rather than mandatory, the alternative sentence should apply. The judgment, therefore, does not fully and accurately reflect the determination placed on the record by the Court, and the Court therefore has the authority to and will correct the sentence pursuant to Rule 36.

In setting the alternative sentence, this Court fully reviewed all of the factors under § 3553(a), including the applicable sentencing guidelines, as directed by *Koch*, 2004 WL 1870438, at *1. The Court did not disregard the guidelines entirely or enter a decision based on the premise that the guidelines were completely unconstitutional. *See Christopher*, 415 F.3d at 593 (citing *United States v. Thompson*, 403 F.3d 533, 535 (8th Cir. 2005)). Nor was the Court's alternative sentence based on an assumption that the guidelines were "not applicable." *Christopher*, 415 F.3d at 593. Instead, the Court, applying *Koch*, considered all of the factors under § 3553(a), including considering the guidelines as advisory.

As a consequence, the Court's alternative sentence, imposed upon consideration of the guidelines as advisory and in light of all of the factors under § 3553(a), both followed the directive of the Sixth Circuit in *Koch* and accurately anticipated the result in *Booker*. The alternative sentencing model established by the Sixth Circuit was designed to avoid unnecessary resentencing, regardless of the ultimate decision of the *Booker* Court. This Court's application of the alternative sentencing model was mindful of that purpose and consistent with both Sixth Circuit and Supreme Court precedent. As a consequence, unlike in *Christopher*, the alternative sentence imposed in the instant case must be considered self-executing.

5

## V.

For the reasons stated herein, the motion to correct sentence pursuant to FED. R. CRIM. P. 35, construed as a motion pursuant to FED. R. CRIM. P. 36, is granted and the Court's December 14, 2004 judgment shall be corrected to reflect that the alternative sentence of 60 months was to take effect should the Supreme Court in *Booker*, 125 S. Ct. 11, conclude that the sentencing guidelines were advisory only. In light of the Supreme Court's decision to that effect, the alternative sentence of 60 months has now automatically become effective as the sentence of this Court. An order consistent with this opinion will be entered.

Date:   November 29, 2005          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE